[Cite as *State v. Burtscher*, 2014-Ohio-3388.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DAVID BURTSCHER | : | Case No. 14CA6 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 2013-CR-659

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        July 30, 2014

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JILL M. COCHRAN | WILLIAM C. FITHIAN, III |
| 38 South Park Street | 111 North Main Street |
| Mansfield, OH 44902 | Mansfield, OH 44902 |

*Farmer, J.*

{¶1}   On November 7, 2013, the Richland County Grand Jury indicted appellant, David Burtscher, on one count of assault of a peace officer in violation of R.C. 2903.13 (A) and (C)(5).   Said charge arose from an incident wherein appellant scuffled with Richland County Sherriff's Deputy Reginald Ganzhorn after Deputy Ganzhorn was investigating an open container violation.

{¶2}   A jury trial commenced on December 19, 2013.  The jury found appellant guilty.  By sentencing entry filed December 26, 2013, the trial court sentenced appellant to eighteen months in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT IMPROPERLY LIMITED EVIDENCE AND ARGUMENT.  IN RESPONSE TO THE USE OF EXCESSIVE FORCE BY A PEACE OFFICER, A PERSON MAY USE REASONABLE FORCE TO DEFEND HIMSELF."

II

{¶5}   "THE TRIAL COURT IMPROPERLY ALLOWED THE PROSECUTOR TO ASK A HYPOTHETICAL QUESTION AND DID NOT STRIKE THE WITNESS' NON-RESPONSIVE, MISLEADING ANSWER."

I

{¶6}   Appellant claims the trial court erred in limiting his evidence and argument on the issue of excessive force.  We disagree.

{¶7}   Appellant was charged and convicted of assault of a peace officer in violation of R.C. 2903.13(A) and (C)(5) which state the following:

No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

(C)(5) If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.

{¶8}   Appellant argues the trial court erred in ruling that he could not dispute the reason for his arrest or argue that he felt the arrest was improper in violation of our position in *State v. Green,* 5th Dist. Delaware No. 97CAA11052, 1998 WL 429721 (July 2, 1998).  In *Green,* this court specifically held at *3: "We agree with the trial court that the lawfulness of appellant's arrest is irrelevant because appellant was only charged with assaulting a peace officer.  The trial court properly limited the scope of direct examination by appellant."  The defendant in *Green* raised the defense of self-defense and the trial court permitted testimony relative to the force used as unnecessary and/or excessive.  In the matter sub judice, the affirmative defense of self-defense was not raised.

{¶9}   At the conclusion of all the evidence, the trial court placed on the record defense counsel's request to challenge the reason for the arrest (T. at 206-207):

MR. POTTS: Your Honor, I was going to make some argument… It was more of an argument to the jury that since the arrest… Just along the litany you just said. That it wasn't a lawful arrest based upon a minor misdemeanor summons; and that based upon that, that the officer then would not have been performing his official duties as it is described within the indictment. And I was going to argue to the jury that if he was not performing his official duties, because it was an unlawful arrest, then he can't be guilty of this assaulting the peace officer. That is the argument I was going to make.

{¶10} Appellant's defense was summarized in his trial counsel's opening statement as follows (T. at 110-111):

MR. POTTS: And at that point in time, the deputy makes the decision to arrest him. He grabs a hold of him. My client, David, was just trying to get to his apartment, which he was at one point in. And at the time of this contact with law enforcement, he is just outside of.

There won't be evidence that he was stumbling, that he was walking in any roadways, anything like that.

David doesn't understand why he is being arrested. He doesn't want to be arrested. And at that point he is forcefully slammed to the ground. There will be testimony and evidence that he has had an injury to his head, he had a knot on his head. And at that point in time, he

struggles with the officer. He doesn't understand why he has been grabbed and thrown to the ground. The officer is on top of him. The evidence will not show that at any point in time that David was on top of Deputy Ganzhorn and beating on him. This all happened while the deputy was on top of him. David suffered the initial injuries in this altercation.

{¶11} During closing argument, defense counsel argued appellant was merely reacting to being taken to the ground and therefore the three punches to the deputy "was not a knowing act." T. at 226.

{¶12} We find the trial court's ruling was consistent with our decision in *Green.*

{¶13} The facts of this case establish that while on routine patrol, Deputy Ganzhorn observed two persons with an open container, one of which was appellant. T. at 137. He instructed both individuals to put their containers down. T. at 138. Appellant did not comply and instead turned away from the deputy, failed to give his social security number, and attempted to enter his apartment. T. at 138-141. Deputy Ganzhorn observed red, bloodshot, glassy eyes, slurred speech, and an odor of alcohol coming from appellant's person. T. at 139.

{¶14} Due to all of these observations, Deputy Ganzhorn made the decision to place appellant under arrest. T. at 141. Appellant stiffened and Deputy Ganzhorn was unable to cuff him. T. at 141-142. As a result, Deputy Ganzhorn took appellant to the ground to effectuate the arrest. T. at 142. While on the ground, appellant punched Deputy Ganzhorn three times on the left side of his face in the temporal area. T. at 144.

Deputy Ganzhorn testified he used "the proper amount of force to end the situation." T. at 146.

{¶15} Appellant argues he was prohibited from introducing evidence of excessive force. However, throughout Deputy Ganzhorn's testimony on direct and cross-examination, there is extensive testimony as to the take-down procedure used, the relative positions of the deputy and appellant, and the deputy's use of pepper spray.

{¶16} We find the trial court's decision relative to the evidence on the issue of excessive force to be correct. The issue presented and argued to the trial court was the unlawfulness of the arrest for a minor misdemeanor i.e., public intoxication and/or open container. T. at 206-207.

{¶17} Upon review, we find the trial court did not err in limiting the evidence and argument as complained of by appellant.

{¶18} Assignment of Error I is denied.

II

{¶19} Appellant claims the trial court erred in denying his trial counsel's objection to a hypothetical question posed to Deputy Ganzhorn. In addition, he argues the answer should have been stricken as non-responsive. We disagree.

{¶20} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage,* 31 Ohio St.3d 173 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶21} Evid. R. 701 governs opinion testimony by lay witnesses and states: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."

{¶22} The complained of exchange is as follows (T. at 160):

MR. BENOIT: Deputy Ganzhorn, had the defendant complied with your request and provided you information, what would have occurred?

MR. POTTS: Objection. Calls for speculation.

THE COURT: Overruled.

A. The initial response was the defendant was carrying an open container of alcohol. If the defendant would have complied and been in a state where he was not a threat to himself by being so highly intoxicated, he would have been issued a summons for an open container. My duty at that time was to identify the subject, to determine exactly who he is, if he has any outstanding warrants and then proceed in my investigation.

{¶23} The state argues this was not a hypothetical question and we agree. The question did not call for an opinion by the deputy, but merely posed a "what if" question on normal police procedure involving an open container investigation.

{¶24} We fail to find any undue prejudice to appellant or that the complained of exchange constituted error.

{¶25}  Assignment of Error II is denied.

{¶26}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 716